UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando  Division
Case Number: _____

PHILIP CALLEA,                                        COMPLAINT

      Plaintiff,

vs.

CITY OF PORT ORANGE,

      Defendant.

_____/


Plaintiff, Philip Callea, sues defendant, City of Port Orange, and alleges:

## **Introduction**

1.    This is race/religion discrimination and retaliation action brought by Philip Callea, a Jewish (by birth) and Catholic (by religion) Fire Lieutenant with the City of Port Orange, Florida.  Lt. Callea has been (and continues to be) :  One, subjected to disparate treatment and a hostile environment based on his race and religion that included slurs and other harassing and threatening behavior; Two, retaliated against after he complained, repeatedly,  about the bullying and harassment, and, Three, threatened with discipline after he continued to complain when his complaints were dismissed without a full investigation.  Lt. Callea sues pursuant to Title VII of the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), for damages, equitable relief, attorney's fees and litigation expenses.

## Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

3.     Venue is proper in the Middle District of Florida, because the claims arose in Volusia County and the defendant is located there

The Parties

4.     Lt. Callea ("Callea"), is and was at all times material, a firefighter  employed by the City of Port Orange, Florida .  He is protected by Title VII of the Civil Rights Act because:

a.     His race (his mother is Jewish) and religion (he is a practicing Catholic), and

b.     He engaged in protected activity, including by complaining to defendant about what he in good faith reasonably believed to be bullying and harassment based on his race and religion and retaliation.

5.     The City of Port Orange  is a Florida municipal corporation.  It is, and, at all times material, was an "employer" as envisioned by Title VII. Conditions Precedent

6.  On or about February 5, 2026, [Lt. Callea filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR") alleging "continuing action" of race and religion discrimination and retaliation.

7.  On April 15, 2026, the EEOC issued a notice of right to sue, within 90 days of which Lt. Callea brought this action.

8.  All other conditions precedent to this action have been satisfied, have been waived or would be futile.

### General Allegations

9.  Since November 2022  Philip  Callea began to work for the City of Port Orange as a firefighter, a position for which he was qualified.

10.  Lt. Callea, who is a licensed registered nurse, has been promoted into various positions, including lieutenant, a position for which he was qualified.

11.  The City's management and fire-department personnel are aware of Mr. Callea's Jewish ancestry and that he is a practicing Catholic, including because he is open about it and has referenced those characteristics in complaints.

12.  One of those complaints was his September 26, 2021 grievance concerning a denial of his request for an exemption from one hour of "forced" overtime to attend a scheduled religious service

(Catholic mass), which referenced "multiple complaints regarding harassment" that he had made over years "none of which "were properly addressed," and alerted the City about how "the majority of those complaints were met with attempted intimidation and retaliation against me, from the administration."

13.    During the last few years, Mr. Callea has been subjected to a hostile work environment that included a serious, pervasive regiment of bullying, abuse and disparate treatment based on his race and religion.

14.    The hostile work environment included, among other things:

a.    being subjected to anti-semitic and anti-Catholic slurs, including disparaging comments made as recently as October 2025, when co-workers remarked  about how "the Jews' were apparently responsible for the world's trouble today" and "how about those Jews;"

b.    begin denied emergency medical care by the Fire Department when he was the victim of a motor vehicle versus pedestrian accident; on more than one occasion, having blood dumped on his assigned bed at the fire station;

c.    having his assigned locker in the fire station broken into;

d.    per the order of the Fire Department's Operations Chief, being restricted from using the shared bunkroom areas and common areas of the fire station that other Lieutenants are allowed to use .

e.      subjecting him to a formal investigation in or about September 2025 without providing him due process provided to other employees, including providing him with the opportunity to response to the false allegations made against him;

f.      having a death threat sent to him home address via mail during 2025, which he reported to the police department;

g.      having the Human Resources Director attempt to interfere with the report that he made to the police department concerning the criminal death threat made against him, and threatening him with insubordination if he made any additional reports of discrimination or harassment.

15.    The City most recently informed Lt. Callea that he was being transferred to Station 74 (the least desired station for someone of his rank) by the first of the month.

16.    The work environment became so hostile that Mr. Callea had to seek medical treatment, including for post traumatic stress disorder.

17.    Lt. Callea also had to use accrued leave to deal with the stress related to the work environment, and forego overtime opportunities.

18.    On February 2, 2025, Lt. Callea filed a charge if discrimination with the EEOC.

19.    Defendant had actual and constructive knowledge of the harassment and work environment through the open and notorious nature of the behavior

towards Mr. Callea and his internal complaints to the City's Human Resources Department, City Manager's office, and his chain of command, and their subsequent actions, including complaints made as recently as:

a.    In his October 2025  Grievance forms in which he alleged "a clear violation of my civil rights" (after he received the Human Resources Director's "Investigation Final Report," the first notice that he was being charged with violating a City Policy (#1-27);

b.    In his attorney's October 27, 2025 letter to the City's attorney (notifying him about the ineffective investigation of Lt. Callea's previous complaints and the threat to charge Lt. Callea with insubordination if he were to file another complaint);

c.    In his November 11, 2025 Step-3 Grievance (concerning how he was being treated  in the Lieutenants' bunk room compared to how others were being treated, and the false accusation that he had broken into the Lieutenant bunkroom and an anti-semitic slur to which he was subjected October 27), alleging discrimination and retaliation;

20.    Additionally, after Lt. Callea indicated that he believe that the harassment that he experienced was based on his religious beliefs, Chief Bryan Smith notified the Human Resources department that there was an offense of "harassment" against Lt. Callea.

21.    Lt. Callea also filed a complaint with the City's police department regarding the death threat.

22.     The City's policy urges employees who believe they are being subjected to harassment or discrimination to complain internally and promises that their complaints would be investigated.

23.     However, as Lt. Callea continued to complain, including that his complaints were dismissed without a full investigation, he was threatened with discipline (insubordination) if he were to file another complaint.

24.     Defendant, through the actions more specifically alleged above, affected Plaintiff in a "term, condition or privilege" of his employment.

### Count I — Race Discrimination Under the Title VII

25.     Plaintiff, Philip Callea, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-24 .

26.     Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race , color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religion, sex, or national origin.

27.     The treatment to which defendant, through its agents and employees, subjected Lt. Callea was because of his race — non-Jewish employees were not

treated in the same demeaning and disrespectful manner — and, thus, constituted race discrimination as proscribed by Title VII.

28.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

29.    The race discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

30.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Philip Callea, prays that this Court will grant judgment for him and against defendant, City of Port Orange, and:

*One,* issue a judgment that Defendant's practices toward Lt. Callea violated his rights against discrimination in violation of the Title VII;

*Two*, award judgment against Defendant for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement (restoration of his

prior position or a position with a comparable location to one he left), restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Lt. Callea his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Lt. Callea such other and further relief as the circumstances and law provide.

### Count III— Religion Discrimination Under the Title VII

31.    Plaintiff, Shannon Callea, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-24 and 26-30.

32.    Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race , color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religion,  sex, or national origin.

33.    The treatment to which defendant, through its agents and employees, subjected Lt. Callea was because of his religion — non-Catholic employees were not treated in the same demeaning and disrespectful manner — and, thus, constituted religion discrimination as proscribed by Title VII.

34.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

35.    The religion discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

36.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Philip Callea, prays that this Court will grant judgment for him and against defendant, City of Port Orange, and:

_One_, issue a judgment that Defendant's practices toward Lt. Callea violated his rights against discrimination in violation of the Title VII;

_Two_, award judgment against Defendant for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement (restoration of his prior position or a position with a comparable location to one he left), restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Lt. Callea his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Lt. Callea such other and further relief as the circumstances and law provide.

### Count IV — Retaliation Under Title VII

37.     Plaintiff, Shannon Callea, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-24 , and 26-36 .

38.     Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-3(a) as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

39.    The treatment to which defendant, through its agents and employees, subjected Lt. Callea was because of his protected activity constituted retaliation as proscribed by Title VII.

40.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

41.    The retaliation that plaintiff is suffering, in violation of his  statutory rights to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

42.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Philip Callea, prays that this Court will grant judgment for him, and against defendant, City of Port Orange, and:

*One*, issue a judgment that defendant's practices toward Lt. Callea violated his rights against retaliation in violation of Title VII;

*Two*, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

*Three*, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement (restoration of her

prior position or a position with a comparable location to one he left), restoration

of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages,

including compensatory damages;

*Five*, grant Lt. Callea his costs and reasonable attorney's fees pursuant to 42

U.S.C. § 2000e-5(k), and

*Six,* grant Lt. Callea such other and further relief as the circumstances and

law provide.

### Demand for Jury Trial

Plaintiff, Philip Callea, demands trial by jury on all issues so triable.

Respectfully submitted,

THE AMLONG FIRM
101 N.E. 3rd Ave., Suite 1500
Fort Lauderdale, Florida   33301
(954) 462-1983
EService@TheAmlongFirm.com

By:    */s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com

*Attorneys for the Plaintiff,*
*Philip Callea*